Peter MUENDEL, Plaintiff–Appellant,

v.

LOS ANGELES POLICE DEPART-
MENT, City of Los Angeles; Dejesus,
Officer Los Angeles Police Depart-
ment; Pursel, Officer Los Angeles Po-
lice Department: Does 1 through 10
inclusive, Defendant–Appellees.

No. 99–56893.

D.C. No. CV–99–05646–JSP.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 7, 2001.

Decided March 29, 2001.

Before BROWNING, BRUNETTI, and
HAWKINS, Circuit Judges.

## MEMORANDUM [1]

Peter Muendel appeals the district
court's dismissal of his complaint alleging
violations of 42 U.S.C. § 1983 by the City
of Los Angeles and two individual police
officers. This court reviews de novo a
dismissal for failure to state a claim under
Federal Rule of Civil Procedure 12(b)(6).
*Johnson v. Knowles,* 113 F.3d 1114, 1117
(9th Cir.1997). A complaint should not be
dismissed unless it appears beyond doubt
that the plaintiff can prove no set of facts
in support of his claim that would entitle
him to relief. *Id.* We affirm in part and
reverse in part.

■ Muendel's claim that the officers
did not have probable cause to arrest him
was properly dismissed. Probable cause
exists when, under the totality of the cir-

---

1. This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as may be provid-
ed by Ninth Circuit Rule 36–3.

cumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that a crime was committed. *Gasho v. United States*, 39 F.3d 1420, 1428 (9th Cir.1994). Although Muendel claims he was not violating the terms of the mutual restraining order because he was entitled to pick up his children on that day, the order is far from crystal clear regarding the timing and mechanics of the pickup. The terms of the mutual restraining order, coupled with the officers' observations of Muendel within 100 yards of his wife supports the conclusion that there was at least a "fair probability" that Muendel was violating the order.

The officers and the City are also entitled to qualified immunity on this claim. Based on the facts described above, "a reasonable officer could have believed that probable cause existed" to arrest Muendel. *Mendocino Envtl. Center v. Mendocino County*, 14 F.3d 457, 462 (9th Cir.1994).

Muendel's claim that the officers violated the Fourth Amendment by entering a neighbor's house to find him was also properly dismissed. While there are some circumstances in which a person may have a legitimate expectation of privacy in the house of someone else, notably in the case of an overnight guest, that expectation does not extend to one "who is merely present with the consent of the householder." *Minnesota v. Carter*, 525 U.S. 83, 90, 119 S.Ct. 469, 142 L.Ed.2d 373 (1998). As a guest "merely present" in his neighbor's house, Muendel had no legitimate expectation of privacy there and thus, cannot challenge the validity of the officers' entry. *United States v. Payner*, 447 U.S. 727, 731, 100 S.Ct. 2439, 65 L.Ed.2d 468 (1980).

Because the law was not clearly established as of September 1998 that a casual visitor has a legitimate expectation of privacy in the house of a third person, the officers and the City are also entitled to qualified immunity on this claim. *Penilla v. City of Huntington Park*, 115 F.3d 707, 709 (9th Cir.1997).

Muendel's claim that he was denied medical care as a pretrial detainee in violation of the Fourteenth Amendment was not properly dismissed. From the facts plead, it is impossible to determine whether Muendel's medical condition is serious enough and the harm caused by the delay significant enough to rise to the level of a constitutional violation. It is possible that Muendel's condition was such that the failure to provide him with prompt medical attention resulted in the "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Similarly, while Muendel alleges only that the delay was "not without cost to his medicinal progress," it is possible that the delay was, in fact, harmful. *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir.1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir.1997). We therefore reverse the district court's dismissal of this claim and remand to allow Muendel to amend the medical care claim. Each party shall bear its own costs on appeal.

AFFIRMED IN PART, REVERSED IN PART.